UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| DAVID L. DAVIS and KAREN A. DAVIS,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>WELLS FARGO BANK, N.A., a Corporation, d/b/a AMERICA'S SERVICING COMPANY; NDEX WEST, LLC, as duly appointed Trustee; MORTGAGEIT, INC., a subsidiary of DEUTSCHE BANK SECURITIES, INC.; HSBC BANK USA, N.A., as Trustee for MORTGAGEIT SECURITIES CORPORATION; and Does 1-10,<br><br>　　　　Defendants.<br>_____/ | Civ. No. S-09-3028 FCD/GGH<br><br>MEMORANDUM AND ORDER |

----oo0oo----

　　This matter is before the court on the motions of defendant Wells Fargo Bank, N.A. ("Wells Fargo") and defendants MortgageIT, Inc. ("MortgageIT") and Deutsche Bank Securities, Inc. ("Deutsche Bank") (collectively "defendants") to dismiss plaintiffs David Davis and Karen Davis' ("plaintiffs") First Amended Complaint

1

("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs oppose the motion. For the reasons set forth below,[1] defendants' motions to dismiss are GRANTED.

## BACKGROUND

Plaintiffs brought this action against defendants for conduct arising out of a mortgage loan transaction. Plaintiffs are the owners of real property located at 7920 Oak Forest Street, Citrus Heights, California (the "Property"). (FAC, filed Nov. 25, 2009, ¶ 7.) On February 26, 2007, plaintiffs refinanced the Property through a mortgage loan with defendant MortgageIt. (Id. ¶¶ 22-23.) At the time of closing, plaintiffs were provided various documents, including a Notice of Right to Cancel. (Id. ¶ 24.) At some point after entering into the loan, plaintiffs defaulted on the loan and a nonjudicial foreclosure proceeding was initiated against the Property.[2] (Docket # 25, Req. for Judicial Notice ("RJN"), filed Dec. 23, 2009, Ex. E.) On November 3, 2009, the Property was sold in connection with the foreclosure proceedings.[3] (Id.)

Plaintiffs allege that defendants did not provide all the material disclosures regarding plaintiffs' loan at the time of

---

[1] Because oral argument will not be of material assistance, the court orders these matters submitted on the briefs. E.D. Cal. L.R. 230(g).

[2] Because of the complete sparsity of facts alleged in plaintiffs' FAC, the court has had to resort to various public records filed by defendants to establish the essential facts pertinent to the motions.

[3] Defendant NDEX West ("NDEX"), as duly appointed trustee under the deed of trust, conveyed the Property to defendant HSBC Bank USA ("HSBC") as trustee for defendant MortgageIT. NDEX joined defendant Wells Fargo's motion to dismiss (Docket # 34), and plaintiffs do not object.

2

signing as required by the Federal Truth in Lending Act ("TILA"), giving plaintiffs up to three years to rescind the loan.[4] (FAC ¶¶ 29-30, 35.) Specifically, plaintiffs allege that the Notice of Right to Cancel "failed in one or more material respects to disclose . . . the [loan's] true rescission period." (Id. ¶ 29.)

Plaintiffs originally filed this action on October 29, 2009, but amended their complaint on November 25, 2009.[5] Based on the alleged TILA violations, plaintiffs seek to (1) rescind the loan transaction, and (2) obtain damages pursuant to 15 U.S.C. § 1640(a)(2). Defendants move to dismiss plaintiffs' FAC, arguing, *inter alia*, that the express limitations set forth in TILA bar plaintiffs' rescission and damages claims.

**STANDARDS**

Under Federal Rule of Civil Procedure 8(a), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define

---

[4] Plaintiffs do not specify which defendant is responsible for failing to provide the necessary disclosures. Instead, plaintiffs make a blanket allegation that "[a]ll Defendants ratified this transaction with ineffective Notice of Right to Cancel." (FAC ¶ 32.)

[5] MortgageIT and Deutsche Bank also filed a motion to strike concurrent with their motion to dismiss. (Docket # 21.) However, because the court grants defendants' motions to dismiss, it need not reach the motion to strike.

3

disputed facts and issues and to dispose of unmeritorious claims." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. Cruz v. Beto, 405 U.S. 319, 322 (1972). The court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. Retail Clerks Int'l Ass'n v. Schermerhorn, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.

Nevertheless, the court "need not assume the truth of legal conclusions cast in the form of factual allegations." United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 129 S. Ct. at 1949. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Id. at 1950 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Twombly, 550 U.S. at 555. Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged."

4

<u>Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters</u>, 459 U.S. 519, 526 (1983).

Ultimately, the court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." <u>Iqbal</u>, 129 S. Ct. at 1949 (citing <u>Bell Atl. Corp.</u>, 550 U.S. at 570). Only where a plaintiff has failed to "nudge [his or her] claims across the line from conceivable to plausible," is the complaint properly dismissed. <u>Id.</u> at 1952. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." <u>Id.</u> at 1949. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Id.</u> at 1950.

In ruling upon a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. <u>See</u> <u>Mir v. Little Co. of Mary Hosp.</u>, 844 F.2d 646, 649 (9th Cir. 1988); <u>Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.</u>, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

**ANALYSIS**

**A.   Defendants' Exhibits**

In ruling upon a motion to dismiss, the court may consider matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. <u>See</u> <u>Mir</u>, 844 F.2d at 649; <u>Isuzu Motors Ltd.</u>, 12 F. Supp. 2d at 1042. Rule 201 permits a court to take judicial notice of an adjudicative fact "not subject to reasonable dispute" because the fact is either "(1) generally known within

1  the territorial jurisdiction of the trial court or (2) capable of
2  accurate and ready determination by resort to sources whose
3  accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).
4  The court can take judicial notice of matters of public record,
5  such as pleadings in another action and records and reports of
6  administrative bodies. See Emrich v. Touche Ross & Co., 846 F.2d
7  1190, 1198 (9th Cir. 1988).

8      "Even if a document is not attached to a complaint, it may
9  be incorporated by reference into a complaint if the plaintiff
10 refers extensively to the document or the document forms the
11 basis of the plaintiff's claim." United States v. Ritchie, 342
12 F.3d 903, 908 (9th Cir. 2003).  "The defendant may offer such a
13 document, and the district court may treat such a document as
14 part of the complaint, and thus may assume that its contents are
15 true for purposes of a motion to dismiss under Rule 12(b)(6)."
16 Id.  The policy concern underlying the rule is to prevent
17 plaintiffs "from surviving a Rule 12(b)(6) motion by deliberately
18 omitting references to documents upon which their claims are
19 based." Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998).
20     Plaintiffs' complaint alleges causes of action that are
21 premised on defendants' failure to provide plaintiffs with the
22 proper documents and to state the true rescission period in the
23 Notice of Right to Cancel.  (FAC ¶¶ 29-31.)  Defendants request
24 judicial notice of various documents, including (1) the original
25 deed of trust (Ex. A), (2) the Notice of Right to Cancel,
26 purportedly signed by plaintiffs (Exs. F & G), and (3) the
27 trustee's deed upon sale (Ex. E), which reflects the sale of
28 ///

plaintiffs' Property in connection with the foreclosure proceeding.[6]

Plaintiffs oppose defendants' request for judicial notice of the Notice of Right to Cancel documents.  Because of plaintiffs' objection, the court will not take judicial notice of those documents, as the documents' accuracy is not readily ascertainable.  These documents, however, are not determinative of any issue in the motions.

Plaintiffs do not contest the authenticity of Exhibits A and E.  Both documents form the basis of plaintiffs' complaint and are matters of public record.  See Emrich, 846 F.2d at 1198; Linder v. Aurora Loan Servicing, No. 2:09-CV-03490, 2010 WL 1525399, at *1 (E.D. Cal. Apr. 15, 2010).  Accordingly, the court considers them for the purpose of determining defendants' motions to dismiss.[7]  See Parrino, 146 F.3d at 706; Emrich, 846 F.2d at 1198.

**B.   TILA**

Plaintiffs' first and second claims for relief allege defendants violated TILA by (1) failing to provide the proper material disclosures to plaintiffs at the time of closing, and (2) failing to expressly state the deadline for exercising rescission.  (FAC ¶¶ 37, 43.)  Defendants move to dismiss the

---

[6] MortgageIT/Deutsche Bank and Wells Fargo, respectively, filed separate requests for judicial notice.  (Docket #s 25, 26.)  Both requests include various documents, some of which are common to both requests.  For simplicity, the court will refer to the exhibits contained in the request submitted by Wells Fargo.  (Docket # 26.)

[7] To rule on the instant motions, the court need not address the remaining documents submitted by defendants in their request.

7

claim, arguing, *inter alia*, that (1) plaintiffs' rescission claim is moot because the foreclosure sale of plaintiffs' Property is complete, and (2) plaintiffs' damages claim is time-bared. (Defs. MortgageIT & Deutsche Bank's MTD ("MortgageIT MTD"), filed Dec. 23, 2009, at 4:5-7:2; Def. Wells Fargo's MTD ("Wells Fargo MTD"), filed Dec. 23, 2009, at 6:6-7:9, 11:17-12:11.)

TILA "has the broad purpose of promoting 'the informed use of credit' by assuring 'meaningful disclosure of credit terms' to consumers." Ford Motor Credit Co. v. Milhollin, 444 U.S. 555, 560 (1980) (quoting 15 U.S.C. § 1601). The statute "requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412 (1998). A loan disclosure violation under TILA triggers two potential remedies for a borrower: rescission, 15 U.S.C. § 1635, and damages, 15 U.S.C. § 1640. Plaintiff seeks to rescind the loan and obtain damages pursuant to § 1640(a)(2).

**1. Wells Fargo and NDEX**

Defendants Wells Fargo and NDEX argue, as an initial matter, that they are not proper parties to plaintiffs' TILA claim because they are not "creditors" under TILA. Plaintiffs contend that Wells Fargo and NDEX are proper defendants because plaintiffs have alleged that all defendants "acted in conspiracy." (Opp'n at 13:14; FAC ¶ 13.)

Only creditors are subject to civil liability under TILA. See 15 U.S.C. § 1640(a). TILA defines a creditor as:

///

> [A] person who <u>both</u> (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, <u>and</u> (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness . . . .

<u>Id.</u> § 1602(f) (emphasis added). A TILA action that may be brought against a creditor may also be brought against the assignee of a creditor. <u>Id.</u> § 1641(a). However, TILA explicitly states that loan servicers "shall not be treated as an assignee of [a consumer] obligation for purposes of this section unless the servicer is or was the owner of the obligation." <u>Id.</u> § 1641(f).

Here, Wells Fargo is merely the servicer of plaintiffs' loan. (Reply at 1:25-26, 6:1-7:2.) Plaintiffs never specifically allege that Wells Fargo originated the loan, nor do they contend that Wells Fargo is a "creditor" under TILA. Moreover, it is clear from the original deed of trust (Ex. A) that MortgageIT was plaintiffs' lender--and thus the only party "to whom the debt arising from the consumer credit transaction [was] initially payable." 15 U.S.C. § 1602(f). Therefore, because Wells Fargo is a "loan servicer and not a creditor or assignee of the creditor," Wells Fargo is not a proper party to plaintiffs' TILA claim. <u>Fullmer v. JPMorgan Chase Bank, NA</u>, No. 2:09-cv-1037, 2010 WL 95206, at *4 (E.D. Cal. Jan. 6, 2010).

Similarly, plaintiffs failed to allege that NDEX is either a creditor or assignee of the creditor under TILA. Plaintiffs' complaint does not specify NDEX's specific involvement in the present action, and it is clear from the deed of trust that NDEX

9

1  was not a party to the original loan transaction.[8]  As a result,
2  there is no plausible fact scenario in which plaintiffs could
3  allege that NDEX is subject to civil liability under TILA.[9]
4  Iqbal, 129 S. Ct. at 1949.
5       Plaintiffs do not address defendants' arguments, but
6  instead contend that defendants should remain parties to this
7  action because they acted in conspiracy.  (Opp'n at 13:1-7.)
8  Conspiracy is a legal doctrine not a cause of action.  Ayala v.
9  Bank of America, No. 09cv1946, 2010 WL 1568577, at *2 (S.D. Cal.
10 Apr. 16, 2010) (quoting Applied Equip. Corp. v. Litton Saudi
11 Arabia Ltd., 7 Cal. 4th 503, 510 (1994)).  In order to allege a
12 civil conspiracy, a plaintiff must allege that an underlying tort
13 has been committed.  Id.  Here, however, plaintiffs' complaint
14 fails to allege either an underlying tort or that a conspiracy
15 existed.  Indeed, the only reference to a conspiracy in
16 plaintiffs' complaint is a sweeping, conclusory allegation that
17 defendants acted in concert as "co-conspirator[s]."  (FAC ¶ 13.)
18 This bare allegation, alone, is not enough to retain Wells Fargo
19 and NDEX as parties to this action.
20 ///

---

[8]  NDEX's moving papers suggest that NDEX merely conveyed the Property to defendant HSBC after the foreclosure sale.  (NDEX Joinder, filed Apr. 1, 2010, at 3:16-22.)

[9]  Defendant Deutsche Bank makes a similar argument, claiming that it is not a proper party to this action because it was not a creditor of plaintiffs' loan.  (MortgageIT MTD at 7:14-8:10.)  The original deed of trust does not list Deutsche Bank as a creditor.  (Wells Fargo MTD, Ex. A.)  However, because MortgageIT is a subsidiary of Deutsche Bank, the extent of Deutsche Bank's involvement in the present action is unclear.  On this basis, as set forth below, the court declines to dismiss the claims against Deutsche Bank with prejudice.

10

Accordingly, Wells Fargo and NDEX's motion to dismiss plaintiffs' TILA claims is GRANTED without leave to amend.

**2.   Rescission Under TILA**

As to the remaining defendants, plaintiffs first seek rescission of the loan.  Plaintiffs allege defendants did not provide them with the proper material disclosures indicating the deadline to rescind the transaction.  (FAC ¶¶ 37, 43.) Defendants move to dismiss, arguing plaintiffs' rescission claim is moot given that the foreclosure on plaintiffs' property is complete.  (MortgageIT MTD at 4:5-5:20.)  In response, plaintiffs assert that the doctrine of equitable tolling suspended the statute of limitations.  (Opp'n, filed Mar. 15, 2010, at 11:1-12:20.)

In a consumer credit transaction where the creditor acquires a security interest in the borrower's principal dwelling, TILA provides the borrower with "a three-day cooling-off period within which [he or she] may, for any reason or for no reason, rescind" the transaction.  McKenna v. First Horizon Home Loan Corp., 475 F.3d 418, 421 (1st Cir. 2007) (citing 15 U.S.C. § 1635).  A creditor must "clearly and conspicuously disclose" this right to the borrower along with "appropriate forms for the [borrower] to exercise his right to rescind."  15 U.S.C. § 1635(a).

If a creditor fails to provide the borrower with the required notice of the right to rescind, the borrower may rescind the transaction.  Id. § 1635(f).  However, a borrower's right to rescind "shall expire three years after the date of the transaction or upon the sale of the property, whichever occurs first . . . ."  Id.; see 12 C.F.R. § 226.23(a)(3).  The right to

11

1  rescind expires even if the creditor has not delivered the
2  required disclosures to the borrower.  15 U.S.C. § 1635(f).  The
3  borrower's right to rescind, moreover, applies equally against
4  the original creditor and subsequent assignees.  15 U.S.C.
5  § 1641(c); see Boles v. Merscorp, Inc., No. 08-1989, 2008 WL
6  5225866, at *3 (C.D. Cal. Dec. 12, 2008) ("Where the loan has
7  been assigned, the borrower still maintains the right to 'rescind
8  against an assignee to the full extent it would be able to
9  rescind against the original creditor.'" (quoting Rowland v.
10 Novus Fin. Corp., 949 F. Supp. 1447, 1458 (D. Haw. 1996))).

11     However, a plaintiff's rescission claim must necessarily
12 fail when the sale of the property in question has occurred as
13 part of a nonjudicial foreclosure proceeding.  Distor v. U.S.
14 Bank N.A., No. C 09-02086, 2009 WL 3429700, at *3 (N.D. Cal. Oct.
15 22, 2009); Fonua v. First Allied Funding, No. C 09-497, 2009 WL
16 816291, at *2 (N.D. Cal. Mar. 27, 2009).  A foreclosure sale
17 effectively terminates a plaintiff's right to rescind even if the
18 sale was involuntary and occurred less than three years after the
19 date of the initial transaction.  See 15 U.S.C. § 1635(f);
20 Distor, 2009 WL 3429700, at *3.

21     Here, plaintiffs filed their rescission claim less than
22 three years after the loan transaction--well within the statute
23 of limitations set forth in TILA.  See 15 U.S.C. § 1635(f); 12
24 C.F.R. § 226.23(a)(3).  However, Exhibit E, the trustee's deed
25 upon sale, clearly demonstrates that plaintiffs' Property was
26 sold on November 3, 2009.  (RJN, Ex. E.)  The subsequent sale of
27 plaintiffs' Property extinguished any right plaintiffs had to
28 assert a claim for rescission.  See Distor, 2009 WL 3429700, at

12

\*3; Fonua, 2009 WL 816291, at \*2.  Plaintiffs' rescission claim is moot despite the allegation that they did not receive the proper disclosures at the time of closing.  15 U.S.C. § 1635(f) ("An obligor's right of rescission shall expire . . . upon the sale of the property . . . notwithstanding the fact that the information and forms required under [TILA] . . . have not been delivered to the obligor.").

Further, the court declines to grant plaintiffs leave to amend.  While leave to amend should be freely given pursuant to Federal Rule of Civil Procedure 15, the court is not required to allow *futile* amendments.  Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983).  Here, amendment of the complaint with respect to plaintiffs' rescission claim would be futile under the governing law described above, and plaintiff does not provide any other facts which could plausibly give rise to such a claim against defendants.  See Iqbal, 129 S. Ct. at 1949.

Accordingly, defendants' motions to dismiss plaintiffs' first claim for rescission under TILA are GRANTED without leave to amend.

**3.  Damages Under TILA**

Plaintiffs also seek damages under TILA for defendants' alleged failure to make the initial disclosures required by TILA.  (FAC ¶ 37.)  Defendants argue that the one year statute of limitations set forth in 15 U.S.C. § 1640(e) bars plaintiffs' claim for damages.  In response, plaintiffs argue that their claim is not time-barred because the doctrine of equitable tolling suspended the statute of limitations.  (Opp'n at 7:19-21,

8:23-24, 13:13-18.)

A party alleging damages under TILA must bring a claim "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). As a general rule, the statutory period "starts at the consummation of the [loan] transaction." King v. California, 784 F.2d 910, 915 (9th Cir. 1986). The Ninth Circuit, however, has held that equitable tolling of the TILA limitations period is authorized in appropriate circumstances. Id. at 914-15. Such circumstances exist where "a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period." Santa Maria v. Pac. Bell, 202 F.3d 1170, 1178 (9th Cir. 2000). In such a case, the limitations period may be extended "until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." King, 784 F.2d at 915. Generally, a litigant seeking equitable tolling of a limitations period bears the burden of establishing entitlement to equitable tolling. See Pace v. DiGuglielmo, 544 U.S. 408 (2005).

Here, because plaintiffs allege they consummated the loan on February 26, 2007, and filed the instant lawsuit on October 29, 2009, their TILA damages claim is facially time-barred. Although plaintiffs' claim could be revived by application of the equitable tolling doctrine, they have failed to allege any facts to establish their entitlement to such tolling. The basis for plaintiffs' damages claim involves defendants' failure to provide the required disclosures at the consummation of the loan. (FAC ¶¶ 29, 37.) Courts have held that such an allegation, standing

14

1  alone, is insufficient to plausibly state a basis for tolling.
2  See, e.g., Garcia v. Wachovia Mortgage Corp., No. 2:09-cv-03925,
3  2009 WL 3837621, at *7-8 (C.D. Cal. Oct. 14, 2009) (finding that
4  plaintiff did not "state facts plausibly indicating any basis for
5  tolling the statute of limitations" because "the mere allegation
6  of TILA disclosure violations does itself not toll the statute").

7  Furthermore, plaintiffs' bare contention that defendants
8  "fail[ed] to clearly and conspicuously disclose the terms of the
9  loan," without more, is also insufficient proof of a basis for
10 tolling.  The complaint is devoid of any allegations as to how
11 defendants failed to disclose the terms of the loan, or the
12 circumstances surrounding plaintiffs' discovery of the alleged
13 TILA violations.  See Lingad v. IndyMac Fed. Bank, 2:09-cv-02347,
14 2010 U.S. Dist. LEXIS 7350, at *7-8 (E.D. Cal. Jan. 29, 2010)
15 ("[W]hen a plaintiff fails to allege facts demonstrating that the
16 TILA violations alleged could not have been discovered by due
17 diligence during the one-year statutory period, equitable tolling
18 should not be applied and dismissal at the pleading stage is
19 appropriate.").

20 Lastly, plaintiffs have not alleged the extent of each
21 defendant's involvement in the activities that form the basis of
22 the alleged TILA violations.  The majority of plaintiffs'
23 complaint refers to defendants' behavior generally, without
24 identifying the alleged acts of specific defendants.  Plaintiffs'
25 vague allegations are not sufficient to put defendants on notice
26 as to the nature of plaintiffs' claims and the grounds upon which
27 they rest.  See Twombly, 550 U.S. at 555.
28 ///

Accordingly, defendants' motions to dismiss plaintiffs' damages claim under TILA are GRANTED. The court, however, will permit plaintiffs one final opportunity to amend their complaint, as it cannot find, at this juncture, that amendment on this issue is futile.

### CONCLUSION

For the foregoing reasons, defendants' motions to dismiss are GRANTED. Wells Fargo and NDEX's motion to dismiss is granted with prejudice. Plaintiffs' claim for rescission under TILA is also dismissed without leave to amend. However, as to plaintiffs' TILA damages claim, plaintiffs are granted fifteen (15) days from the date of this order to file a second amended complaint in accordance with this order. Defendants are granted thirty (30) days from the date of service of plaintiffs' second amended complaint to file a response thereto.

IT IS SO ORDERED.

DATED: April 29, 2010

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE