UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

DAVID L. DAVIS and KAREN A.
DAVIS,

        No. Civ. S-09-3028 FCD/GGH

      Plaintiffs,

   v.                   MEMORANDUM AND ORDER

MORTGAGEIT, INC., a subsidiary
of DEUTSCHE BANK SECURITIES,
INC.; HSBC BANK USA, N.A., as
Trustee for MORTGAGEIT
SECURITIES CORPORATION; and
Does 1-10,

      Defendants.
_____/

----oo0oo----

    This matter is before the court on the motions of defendants
MortgageIT, Inc. ("MortgageIT") and Deutsche Bank Securities,
Inc. ("Deutsche Bank") (collectively "defendants") to dismiss
plaintiffs David and Karen Davis' ("plaintiffs") Second Amended
Complaint ("SAC") pursuant to Federal Rule of Civil Procedure
12(b)(6) and/or to strike certain provisions of the SAC pursuant

1

to Rule 12(f).[1]  Plaintiffs oppose the motion.  For the reasons set forth below,[2] defendants' motion to dismiss is GRANTED.

## BACKGROUND

As the relevant factual background in this case remains unchanged, the court adopts the factual and procedural background set forh in its order granting defendants' motion to dismiss plaintiff's First Amended Complaint ("FAC").  (Order on FAC ("April 29 Order"), filed April 29, 2010 (Docket # 45)).  Plaintiffs have filed a SAC, alleging damages resulting from defendants' violation of the Truth in Lending Act ("TILA"), 15 U.S.C § 1601 *et seq.*, and its implementing regulations at 12 C.F.R § 226 *et seq.* ("Regulation Z").  Pursuant to this court's April 29 Order, Wells Fargo Bank, America's Servicing Company, and NDEX West are no longer parties to this litigation.

## STANDARDS

Under Federal Rule of Civil Procedure 8(a), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted).  "This simplified notice pleading standard relies on

---

[1]     Because the court grants defendants' motion to dismiss, it does not reach the motion to strike.  Said motion is DENIED as MOOT.

[2]     Because oral argument will not be of material assistance, the court orders these matters submitted on the briefs. E.D. Cal. L.R. 230(g).

liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. <u>Cruz v. Beto</u>, 405 U.S. 319, 322 (1972). The court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. <u>Retail Clerks Int'l Ass'n v. Schermerhorn</u>, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." <u>Twombly</u>, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 129 S. Ct. at 1949.

Nevertheless, the court "need not assume the truth of legal conclusions cast in the form of factual allegations." <u>United States ex rel. Chunie v. Ringrose</u>, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." <u>Iqbal</u>, 129 S. Ct. at 1949. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." <u>Id.</u> at 1950 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); <u>Twombly</u>, 550 U.S. at 555. Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have

3

1  violated the . . . laws in ways that have not been alleged."
2  <u>Associated Gen. Contractors of Cal., Inc. v. Cal. State Council</u>
3  <u>of Carpenters</u>, 459 U.S. 519, 526 (1983).

4       Ultimately, the court may not dismiss a complaint in which
5  the plaintiff has alleged "enough facts to state a claim to
6  relief that is plausible on its face." <u>Iqbal</u>, 129 S. Ct. at 1949
7  (citing <u>Bell Atl. Corp.</u>, 550 U.S. at 570).  Only where a
8  plaintiff has failed to "nudge [his or her] claims across the
9  line from conceivable to plausible," is the complaint properly
10  dismissed. <u>Id.</u> at 1952.  While the plausibility requirement is
11  not akin to a probability requirement, it demands more than "a
12  sheer possibility that a defendant has acted unlawfully." <u>Id.</u> at
13  1949.  This plausibility inquiry is "a context-specific task that
14  requires the reviewing court to draw on its judicial experience
15  and common sense." <u>Id.</u> at 1950.

16                              **ANALYSIS**

17       Plaintiffs allege defendants violated TILA and Regulation Z
18  by failing to provide all required disclosures prior to
19  consummating the loan.  (SAC ¶ 42, i-iv.)  Acknowledging their
20  claim is time barred, plaintiffs invoke the doctrine of equitable
21  tolling for their TILA damages claim, arguing defendants' TILA
22  violations made it impossible for plaintiffs to discover the
23  alleged fraud or non-disclosure within the one-year statute of
24  limitations, even through the use of due diligence.  (<u>Id.</u> at
25  ¶ 44.)  Defendants move to dismiss the claim, arguing, *inter*
26  *alia*, that plaintiffs have failed to allege specific facts to
27  justify tolling the statute of limitations set forth in 15 U.S.C.
28  § 1640(e).  (Def.'s Mot. Dismiss Pl.'s SAC ("MTD"), filed June

                                    4

1  10, 2010 (Docket # 47), 1.)

2      A party alleging damages under TILA must bring a claim

3  "within one year from the date of the occurrence of the

4  violation." 15 U.S.C. § 1640(e).  As a general rule, the

5  statutory period "starts at the consummation of the [loan]

6  transaction." King v. California, 784 F.2d 910, 915 (9th Cir.

7  1986).  The Ninth Circuit, however, has held that equitable

8  tolling of the TILA limitations period is authorized in

9  appropriate circumstances. Id. at 914-15.  Such circumstances

10  exist where "a reasonable plaintiff would not have known of the

11  existence of a possible claim within the limitations period."

12  Santa Maria v. Pac. Bell, 202 F.3d 1170, 1178 (9th Cir. 2000).

13  In such a case, the limitations period may be extended "until the

14  borrower discovers or had reasonable opportunity to discover the

15  fraud or non-disclosures that form the basis of the TILA action."

16  King, 784 F.2d at 915.  Generally, a litigant seeking equitable

17  tolling of a limitations period bears the burden of establishing

18  entitlement to equitable tolling.  See Pace v. DiGuglielmo, 544

19  U.S. 408 (2005).  However, "when a plaintiff does not allege any

20  facts demonstrating that he or she could have not discovered the

21  alleged violations by exercising due diligence, dismissal may be

22  appropriate."  Blanco v. Am. Home Mortg. Servicing, Inc., 2009

23  U.S. Dist. LEXIS 119338, *8-9 (E.D. Cal. Dec. 3, 2009) (citing

24  Meyer v. Ameriquest Mortg. Co., 342 F.3d 899. 902-03 (9th Cir.

25  2003) (refusing to apply equitable tolling to TILA claim because

26  plaintiff was in full possession of all loan documents and did

27  not allege any actions that would have prevented discovery of the

28  alleged TILA violations)).

5

1    Here, because plaintiffs allege they consummated the loan on

2   February 26, 2007, and filed the instant lawsuit on October 29,

3   2009, their TILA damages claim is facially time-barred.

4   Plaintiffs, however, claim that equitable tolling should apply

5   because the nature of the violations rendered it, "impossible . .

6   . to discover [the TILA and Regulation Z violations] within the

7   one-year statutory period for civil damages . . ." (SAC ¶ 44.)

8   Plaintiffs contend that it was only after performing a Forensic

9   Loan Document Audit on the loan documents (admittedly in their

10  possession since the consummation of the loan) that they

11  discovered the violations, and hence, their claim for damages.

12  (Id.)

13    Plaintiffs have once again failed to allege facts sufficient

14  to establish their entitlement to equitable tolling. (April 29

15  Order at 15 (refusing to apply equitable tolling due to

16  plaintiffs' failure to allege sufficient facts to support the

17  application of that remedy).) The basis for plaintiffs' damages

18  claim involves defendants' failure to provide the required

19  disclosures at the consummation of the loan. (SAC ¶¶ 42, 43.)

20  Courts have routinely held that such an allegation, standing

21  alone, is insufficient to plausibly state a basis for tolling.

22  See, e.g., Garcia v. Wachovia Mortgage Corp., No. 2:09-cv-03925,

23  2009 WL 3837621, at *7-8 (C.D. Cal. Oct. 14, 2009) (finding that

24  the plaintiff did not "state facts plausibly indicating any basis

25  for tolling the statute of limitations" because "the mere

26  allegation of TILA disclosure violations does itself not toll the

27  statute"). Similarly here, plaintiffs have not alleged

28  additional facts in their SAC to sufficiently toll the statute of

1  limitations on their damages claim.

2      Furthermore, plaintiffs' bare contention that they were

3  unable to discover defendants' violations within the one-year

4  limitations period, without more, is insufficient proof of a

5  basis for equitable tolling.  The complaint does not state

6  sufficient facts as to how defendants allegedly failed to

7  disclose the terms of the loan.  See Lingad v. IndyMac Fed. Bank,

8  2:09-cv-02347, 2010 U.S. Dist. LEXIS 7350, at *7-8 (E.D. Cal.

9  Jan. 29, 2010) ("[W]hen a plaintiff fails to allege facts

10  demonstrating that the TILA violations alleged could not have

11  been discovered by due diligence during the one-year statutory

12  period, equitable tolling should not be applied and dismissal at

13  the pleading stage is appropriate.").  Plaintiffs' conclusory

14  allegation that defendants' failure to comply with TILA and

15  Regulation Z "made it impossible" to discover the errors within

16  the one-year period is insufficient to apply the doctrine of

17  equitable tolling.  See Rosales v. Downey S&L Ass'n, F.A., 2009

18  U.S. Dist. LEXIS 15923 (S.D. Cal Mar. 2, 2009) (declining to

19  allow equitable tolling due to the plaintiff's conclusory

20  allegations and failure to explain, with adequate specificity,

21  why the statute should be tolled).

22      This case is factually similar to Meyer v. Ameriquest Mortg.

23  Co., 342 F.3d at 899.  In Meyer, the plaintiffs claimed damages

24  under TILA, alleging errors in the Right to Cancel Notice

25  provided at the consummation of the loan.  The court affirmed the

26  defendant's motion for summary judgment, reasoning:

27          "[T]he  failure  to  make  the  required  disclosures
            occurred, if at all, at the time the loan documents
28          were signed.  The Meyers were *in full possession of all*

7

*information relevant to the discovery of a TILA violation and a § 1640(a) damages claim on the day the loan papers were signed.* The Meyers have produced no evidence of undisclosed credit terms, or of fraudulent concealment or other action on the part of Ameriquest that prevented the Meyers from discovering their claim. In the exercise of reasonable diligence the Meyers should have discovered [within the statutory period] the acts constituting the alleged violation. The limitation period has run on their claim."

Id. at 902 (citation omitted)(emphasis added).  As in Meyer, in this case, plaintiffs were in possession of all documentation that gave rise to their claim since 2007.  At any time during the statutory period, plaintiffs could have conducted an audit of their documents, forensic or otherwise, that would have revealed the alleged errors and inconsistencies.  No adequate explanation is presented as to why plaintiffs did not do so.  Nor are there any facts plead demonstrating any fraudulent concealment or other conduct by defendants that prevented plaintiffs from discovering their claim.  In the exercise of reasonable diligence, plaintiffs should have discovered the alleged violations giving rise to their TILA claim within the statutory period.

Because plaintiffs fail to proffer allegations demonstrating why the alleged TILA violations could not have been discovered during the statutory period, this court cannot toll the statute of limitations.

**CONCLUSION**

For the foregoing reasons, defendants' motion to dismiss is GRANTED.  Because plaintiffs were given "one final opportunity" to amend in the court's April 29 Order and have failed to do so

///

///

8

1  adequately, plaintiffs' claim is dismissed with prejudice.

2       IT IS SO ORDERED.

3  DATED: July 22, 2010

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

9